UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD JOHN PENNINGTON,

        Petitioner,         Case No. 1:10-cv-872

v.         Honorable Robert Holmes Bell

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Edward John Pennington presently is incarcerated at the Carson City Correctional Facility. In exchange for sentencing under a *Cobbs*[1] agreement and the dismissal of four counts of first-degree criminal sexual conduct, Petitioner pleaded guilty in the Oakland County Circuit Court to one count of first-degree criminal sexual conduct involving a person under 13 years, MICH. COMP. LAWS s 750.520b(1)(a). On September 13, 2006, Petitioner was sentenced to a prison term of seven years and one month to twenty-five years.

Petitioner did not seek leave to appeal his conviction or sentence in either the Michigan Court of Appeals or the Michigan Supreme Court. According to the amended petition, Petitioner attempted to file a motion for relief from judgment in the Oakland County Circuit Court on May 29, 2008, but the pleading was lost. On December 12, 2008, Petitioner filed the motion, raising the following grounds: (1) ineffective assistance of counsel; (2) failure of police to read Petitioner his *Miranda*[2] rights; (3) involuntariness of Petitioner's statement, which was made while he was intoxicated with prescription drugs; (4) failure of police to fulfill promises; (5) denial of request to withdraw the plea; (6) denial of *Walker*[3] and *Ginther*[4] hearings; and (7) denial of request to quash the statements made to the police. The Oakland County Circuit Court apparently has never decided the motion.

---

[1] *People v. Cobbs*, 505 NW2d 208 (Mich. 1993) (authorizing a judge to accept a plea agreement in exchange for the judge's preliminary evaluation of the sentence, and the right to withdraw the plea if the actual sentence will exceed the sentencing understanding at the time of the plea).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] *People v. Walker (On Rehearing)*, 132 NW2d 87 (Mich. 1965) (describing the hearing required for challenges to the voluntariness of a confession or statement).

[4] *People v. Ginther*, 212 NW2d 922 (Mich. 1973) (establishing procedure for requesting evidentiary hearings for claims of ineffective assistance of counsel).

On July 2, 2008, Petitioner filed a state-court complaint for habeas corpus relief in the Branch County Circuit Court. In his state-court habeas complaint, Petitioner challenged the adoption of the statute under which he was convicted as violative of Article 4, sections 23, 24, 25, 26 and 36 of the Michigan Constitution of 1963. On September 15, 2008, the Oakland County Circuit Court dismissed the complaint, holding that Petitioner's complaint was

> an impermissible attempt to attack the underlying grounds for his convictions, matters left to the jurisdiction of the appellate courts. Nor are there any radical defects in the jurisdiction upon which the Petitioner remains incarcerated.

(9/15/08 Cir. Ct. Ord., Ex. M to Br. in Supp. of Pet., Page ID#123.) Petitioner renewed his complaint for habeas corpus relief in the Michigan Court of Appeals. The court of appeals summarily denied the complaint on May 20, 2009. (5/20/09 Mich. Ct. App. Ord., Ex. O to Br. in Supp. of Pet., Page ID#124.) Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied on September 28, 2009 because the court was not persuaded that the questions should be reviewed by the court. (9/28/09 Mich. Sup. Ct. Ord., Ex. O to Br. in Supp. of Pet., Page ID#125.)

In his federal habeas application, Petitioner raises only the grounds presented to and rejected by the Michigan state courts on consideration of Petitioner's complaint for state habeas relief:

I. During the passage of 1974, Senate Bill (SB)-1207 the Senate willfully violated Article 4, §§ 24, 25, 26 of the Michigan Constitution.

II. During the process of converting from a Pu[b]lic Act to a Statute, Article 4, § 36 was violated.

III. The enacting clause is not shown on the face of MCL 750.520.

IV. The title of 1974 Senate Bill 1207 and PA 266 of 1974 is inconsistent with the naming convention of Article 4, § 26.

V. Due Process[:] Violation of Const. U.S. Amend. IV and XIV, due to the use of an invalid statute as described in Grounds 1 through 4.

(Am. Pet. at 6-11a, Page ID##148-54.)

## Discussion

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

As the Supreme Court long ago explained, "whether the statutes of a legislature of a state have been duly enacted in accordance with the requirements of the constitution of such state is not a federal question[.]" *Leeper v. Texas*, 139 U.S. 462, 467 (1891); *Betzer v. Bell*, No. 08-10246, 2009 WL 230222, at *6 (E.D. Mich. Jan. 30, 2009). Petitioner's claims that MICH. COMP. LAWS § 750.520b and its amendments were not validly enacted under the Michigan constitution raise questions of solely of state law. *See, e.g., Knott v. Curley*, No. 2:09-cv-183, 2010 WL 159510, at *2 (W.D. Mich. Jan. 8, 2010); *Hackworth v. Bell*, No. 08-11059, 2009 WL 579414, at *6 (E.D. Mich. Mar. 5, 2009) (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that a claim asserting a conviction was obtained under an invalidly enacted statute, which also was allegedly a violation of the separation of powers clause, raised non-cognizable state-law issues)).

Petitioner has no federal constitutional interest in having state statutes adopted in accordance with state law. Accordingly, Petitioner is not entitled to habeas relief on his claims.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>April 28, 2011</u>    /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE